IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| MERLOT CORP., § | | |
| Plaintiff § | | |
| § | | |
| VS. § | CAUSE NO. | |
| § | | 3:18CV-00231 |
| WALGREENS BOOTS ALLIANCE, INC. § | | |
| and its wholly owned subsidiary, § | | |
| WALGREEN CO., and its wholly owned § | | |
| subsidiary, WALGREEN NATIONAL § | | |
| CORP.; and DS PHARMACY, INC. § | | |
| d/b/a DRUGSTORE.COM, § | | |
| Defendants. § | | |

## PLAINTIFF'S ORIGINAL COMPLAINT ON SWORN ACCOUNT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, MERLOT CORP., a Texas corporation, with its principal place of business in El Paso County, Texas, complaining of WALGREENS BOOTS ALLIANCE, INC., an Illinois corporation with its principal place of business at 300 Wilmot Road, MS3301, Deerfield, Illinois, 60015, which corporation is authorized to transact business in the state of Texas, and may be served with citation herein by serving The Prentice-Hall Corporation System, 211 E. 7th Street, Suite 620, Austin, Texas, 78701, and against WALGREEN CO., an Illinois corporation, with principal place of business at 300 Wilmot Road MS3301, Deerfield, Illinois, 60015, which may be served with citation herein by serving its registered agent in Texas: Corporation Service Company dba CSC-Lawyers, 211 E. 7th Street, Suite 620, Austin, Texas, 78701, and its wholly owned subsidiary, WALGREEN NATIONAL CORP., an Illinois corporation, with its principal place of business at 300 Wilmot Road, MS3301, Deerfield, Illinois, 60015, and against DS PHARMACY, INC., a Washington state corporation, which may be served by citation herein by service on its registered

agent: Corporation Service Company dba CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas, 78701-3218, and for cause of action on sworn account would show the Court as follows:

## I. JURISDICTION

Jurisdiction in this case is based upon the diversity of citizenship of the parties for reason that Plaintiff is incorporated in and has its principal place of business in the state of Texas, and Defendants are legal residents, for purposes of diversity jurisdiction, under 28 USC, Section 1332, Defendants are all foreign corporations incorporated in the state of Illinois or state of Washington, and all such Defendants have their principal places of business in the state of Illinois, and transact business in the state of Texas, and all Defendants maintain their principal place of business in the state of Illinois and are therefore residents and citizens of the state of Illinois. The matter in controversy in this case exceeds the amount of $75,000.

## II. VENUE

Venue is proper in this case in the United States District Court for the Western District of Texas, El Paso Division, because Defendants, and each of them, transact business and reside in El Paso, Texas, maintaining and operate retail drugstores in the Western District of Texas including in El Paso, Texas; therefore, each Defendant has become subject to personal jurisdiction of this Honorable Court and said corporations are deemed to be residents of this district and division in which each Defendant has sufficient minimal contacts to subject it to personal jurisdiction and venue is proper in the place of Plaintiff's principal place of business and residence, because it is one of the places where Defendants have "resided", within the meaning of Article 28, Sec. 1991(c), and because Plaintiff has shipped goods in the form of beauty aide and other skin care products on open

account to Defendants, which products have been delivered to the ultimate retailers thereof, said retail drugstores located in the Western District of Texas, and in El Paso County, Texas, as retail distributors thereof. Further, venue is proper in this Court because a substantial part of the acts or events giving rise to Plaintiffs' cause of action, the shipping of products and records of delivery to carriers, and billing therefor, occurred in El Paso County, Texas, and at least some of the products ultimately were delivered and marketed in El Paso County, Texas. Further still, at all times relevant to this case Defendants, and each of them, are believed to have conducted business in more than one judicial district in the state of Texas, including the Western District of Texas, and such Defendant corporations are deemed to reside in any District of the State of Texas since their minimal contacts would be sufficient to subject it to personal jurisdiction pursuant to 28 USC, § 1391(c). There is no other District in Texas in which said Defendants' contacts with Plaintiffs are the most significant in Texas and in the United States as to the subject matter of this dispute and Defendants and each of them are deemed to reside in the District in Texas in which it has the most significant minimum contacts with relation to Plaintiffs' alleged cause of action, pursuant to 28 USC, § 1391(c).

### III. FACTS

Heretofore, Plaintiff, as a manufacturer and supplier of beauty aide supplies, principally for women, and for many years maintained a business relationship with Defendants under their then corporate structure which was previously known as Walgreens Company, a wholly owned subsidiary of Walgreens National Corp., and delivered goods to its then supplier, DRUGSTORE.COM for distribution by it to various Walgreen drugstores throughout the United States of America. DS PHARMACY, INC. dba DRUGSTORE.COM and subsequently WALGREEN COMPANY, and prior thereto WALGREEN STORES, ordered and received Plaintiff's product principally delivered

for shipping from El Paso, Texas, for distribution and sale by Walgreen retail drugstores throughout the nation. Such products were furnished by Defendants and their predecessors, on open account, by invoices and shipping tracking numbers, principally through UPS Parcel Service, and paid for from time to time. Plaintiff would show that Defendants and/or their predecessors in ownership of the Walgreen Drugstores, received but failed to pay for invoices as set out n the attached Exhibit "A" to which reference is here made for the full particulars thereof as though fully set out herein.

## IV. FACTS

Plaintiffs would show that sometime prior to October 24, 2017, WALGREENS COMPANY and its wholly owned subsidiary WALGREENS NATIONAL CORP., and DS PHARMACY, INC. dba DRUGSTORE.COM, went into corporate merger with an entity known as BOOTS ALLIANCE, which is believed to be a British corporation, under the terms of which WALGREENS BOOTS ALLIANCE, INC., an Illinois corporation, was formed as the wholly owned U.S. subsidiary corporation of the British corporation which acquired the assets and operations of WALGREENS CO., WALGREEN NATIONAL CORP., DS PHARMACY INC. dba DRUGSTORE.COM. Thereafter, WALGREENS BOOTS ALLIANCE, INC. gave notice to Plaintiff that it no longer wished to utilize Plaintiff's beauty and grooming products and quickly substituted on the shelves throughout the nation, Boots Alliance beauty and grooming products in lieu of Plaintiffs' products, which Defendant had the right to do. However, following October, 2017, WALGREENS DRUG STORES, acting under new corporation management known as WALGREENS BOOTS ALLIANCE, INC., attempted to return Plaintiff's products then on hand, and demanded, without justification or right, credit for goods long previously furnished and shipped, much of which was unpaid for as set out in Exhibit "A". Plaintiff refused to accept return of the merchandise sold, for reason that it was good quality and merchantable when delivered and sold, and Plaintiff has

continuously thereafter demanded payment for unpaid invoices going back years as shown in Exhibit "A". Plaintiff would show that there is due and owing by Defendants, jointly and severally, the amount of $127,550.18, for which Plaintiff here sues.

## V. AD DAMNUM

The undersigned attorney has made demand upon Defendants, and each of them, jointly and severally, to its successor corporations, and purchaser of goods set out in Exhibit "A" for the amount of $127,550.18, which amount is due and owing thereon.

## VI. CAUSES OF ACTION

Suit is based thereon for breach of contract for sale and delivery of merchandise on an open account between merchants, and as a sworn account.

## VII. ATTORNEYS FEES

Plaintiffs have been obliged to turn over the accounts receivable set out in Exhibit A to the undersigned attorney for collection and have agreed to pay said attorney a reasonable attorney fee which reasonable fee is the sum of $42,516.72 for which Plaintiff additionally sues Defendants.

## VIII. JURY DEMAND

Plaintiff requests trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, that upon final hearing, Plaintiff have judgment over and against Defendants, jointly and severally, as corporate predecessors and successors, in the amount of $127,550.18 plus interest at the legal rate of 5% per annum, compounded annually, from each invoice 30 days after the date thereof, plus reasonable attorney's fees and post-judgment interest thereon at the same rate, and such other and further relief, special or general, at law or in equity, to which Plaintiff may show itself to be justly entitled.

reason that it was good quality and merchantable when delivered and sold, and Plaintiff has continuously thereafter demanded payment for unpaid invoices going back years as shown in Exhibit "A". Plaintiff would show that there is due and owing by Defendants, jointly and severally, the amount of $127,550.18, for which Plaintiff here sues.

## V. AD DAMNUM

The undersigned attorney has made demand upon Defendants, and each of them, jointly and severally, to its successor corporations, and purchaser of goods set out in Exhibit "A" for the amount of $127,550.18, which amount is due and owing thereon.

## VI. CAUSES OF ACTION

Suit is based thereon for breach of contract for sale and delivery of merchandise on an open account between merchants, and as a sworn account.

## VII. ATTORNEYS FEES

Plaintiffs have been obliged to turn over the accounts receivable set out in Exhibit A to the undersigned attorney for collection and have agreed to pay said attorney a reasonable attorney fee which reasonable fee is the sum of $42,516.72 for which Plaintiff additionally sues Defendants.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, that upon final hearing, Plaintiff have judgment over and against Defendants, jointly and severally, as corporate predecessors and successors, in the amount of $127,550.18 plus interest at the legal rate of 5% per annum, compounded annually, from each invoice 30 days after the date thereof, plus reasonable attorney's fees and post-judgment interest thereon at the same rate, and such other and further relief, special or general, at law or in equity, to which Plaintiff may show itself to be justly entitled.

Respectfully submitted,

**GUEVARA, BAUMANN, COLDWELL & REEDMAN, L.L.P.**
4171 N. Mesa, Suite B-201
El Paso, Texas 79902
(915) 544-6646 Office; (915) 544-8305 Fax

BY: //s// Colbert N. Coldwell
COLBERT N. COLDWELL
Texas Bar No. 04535000
Attorney for Plaintiff

STATE OF SOUTH CAROLINA §
§
COUNTY OF Beaufort §

Before me, the undersigned authority, on this day personally appeared Wayne E. Beckley, who, upon his oath after being duly sworn, deposes and says:

"1.   I am Wayne E. Beckley, the President of the Plaintiff in the above entitled and numbered cause.

2.   The claim referenced in the Original Complaint, including Exhibit "A" attached hereto, and incorporated by referenced, arises out of business dealings between MERLOT CORP. and WALGREENS BOOTS ALLIANCE, INC., WALGREEN CO., WALGREEN NATIONAL CORP., AND DS PHARMACY, INC, and all its predecessors and successors, and assigns, on which a systematic record has been kept and involved the purchase and sale of beauty aides and skin care products, which goods were ordered, delivered, and received by Defendants.

3.   The claim is within my knowledge and is just and true, and is due to Plaintiff, MERLOT CORP., and all just and lawful offsets, payments and credits have been allowed."

Further, Affiant sayeth not.

MERLOT CORP.
By: _____
Wayne E. Beckley, President

Sworn to and subscribed by the said Wayne E. Beckley, on this 20 day of July, 2018, to certify which, witness my hand and seal office.

[seal]

_____
Notary Public in and for the State of South Carolina
Printed Name of Notary: AMBER COLE
My Commission Expires: 3·7·27

| Walgreens Company | | | | |
|---|---|---|---|---|
| Walgreens National Corp | | | | |
| Walgreens Boots Alliance Inc. | | | | |
| | TYPE | DATE | Invoice # | open balance |
| | invoice | 4/1/09 | 28062 | 116.8 |
| | | 8/4/09 | 30392 | 103.73 |
| | | 8/6/09 | 30446 | 88.74 |
| Shipped directly to stores | | 9/1/09 | 31066 | 63 |
| | | 10/29/09 | 32071 | 111.9 |
| | | 12/1/09 | 32822 | 137.85 |
| | | 12/17/09 | 32954 | 49.8 |
| | | 1/12/10 | 33349 | 225.61 |
| | | 1/18/10 | 33324 | 130.1 |
| | | 2/8/10 | 33659 | 17.15 |
| | | 2/11/10 | 33718 | 305.6 |
| | | 2/11/10 | 33720 | 21.9 |
| | | 3/10/10 | 34124 | 374.41 |
| | | 3/11/10 | 34281 | 374.41 |
| | | 6/23/10 | 35316 | 65 |
| | | 6/25/10 | 35339 | 127.4 |
| | | 8/6/10 | 35620 | 64.1 |
| | | | | $2,377.50 |

EXHIBIT A

DS Phamarcy
DS Distribution
DBA Drugstore.com

| TYPE | DATE | Invoice # | Open Balance | | UPS TRACKING # |
|---|---|---|---|---|---|
| invoice | 8/19/11 | 37022 | 330 | | |
| invoice | 9/14/11 | 37072 | 576.4 | | |
| invoice | 3/16/12 | 37417 | 1562 | ** | 1ZA4X5580356165003, 1ZA4X5580355271015 |
| | | | | | 1ZA4X5580354622423, 1ZA4X5580354735230 |
| | | | | | 1ZA4X5580355765447, 1ZA4X5580355109058 |
| | | | | | 1ZA4X5580354002067 |
| invoice | 3/16/12 | 37418 | 211.2 | ** | 1ZA4X5580355120473 |
| invoice | 7/6/12 | 37611 | 462 | ** | |
| invoice | 8/23/13 | 38359 | 1,254.00 | * | |
| invoice | 8/14/15 | 2678 | 968 | * | 1Z0F5698034235306 |
| invoice | 8/14/15 | 2679 | 594 | * | 1Z0F569803406993369 |
| invoice | 12/2/15 | 2905 | 3,577.20 | * | 1Z0F569803417199719 |
| invoice | 12/17/15 | 2932 | 1,570.80 | * | 1Z0F5698034088715 |
| invoice | 3/21/16 | 3116 | 382.80 | * | 1Z0F5698034133638 |
| invoice | 5/11/16 | 3212 | 1,610.40 | * | 1Z0F5698034067437 |
| invoice | 6/10/16 | 3270 | 1,518 | * | 1Z0F5698034042758 |
| invoice | 8/16/16 | 3362 | 712.80 | * | 1Z0F5698034191597 |
| invoice | 10/17/16 | 15632727 | 3,656.40 | * | 1Z0F5698034005745 |
| invoice | 10/31/16 | 15632756 | 6,105 | * | UPS Freight |
| invoice | 1/18/17 | 15632867 | 8,890.20 | * | UPS Freight |
| invoice | 1/20/17 | 15632878 | 4,118.40 | | UPS |
| invoice | 1/20/17 | 15632879 | 8,507.40 | * | UPS |
| invoice | 2/21/17 | 15781244 | 910.80 | * | UPS |
| invoice | 2/27/17 | 15781249 | 264.00 | * | 1Z0F569803403004016 |
| | | | $47,781.40 | | |

Walgreens Company,
Walgreens National Corp,
Walgreens Boots Alliance Inc.

| TYPE | DATE | Invoice # | Open Balance | UPS tracking # |
|---|---|---|---|---|
| invoice | 2/14/08 | 19329 | 660.96 | |
| invoice | 2/21/08 | 19456 | 1,950.00 | |
| invoice | 1/28/10 | 33560 | 364.32 | |
| invoice | 10/11/12 | 37790 | 630 | 1ZA4X5803538675528, 1ZA4X5803553590335 |
| invoice | 11/26/12 | 37877 | 364.32 | 1ZA4X5803354027880, 1ZA4X5803354089091 |
| invoice | 9/24/14 | 38954 | 858 | 1ZA4X5803355379543, 1ZA4X5803356337158 |
| | | | | 1ZA4X5803355404167, !ZA4X5803354656576 |
| invoice | 9/24/14 | 38955 | 546.48 | 1ZA4X5803355210385, !ZA4X5803354821593 |
| | | | | 1ZA4X5803354486205 |
| invoice | 9/24/14 | 38956 | 182.16 | 1ZA4X5803356040218 |
| invoice | 9/24/14 | 38957 | 364.32 | 1ZA4X5803355960431, 1ZA4X5803356759621 |
| invoice | 9/24/14 | 38958 | 546.48 | 1ZA4X5803354870254, 1ZA4X5803356811260 |
| | | | | 1ZA4X5803355598646 |
| invoice | 9/23/14 | 38959 | 1,404.48 | 1ZA4X5803355645488, 1ZA4X5803356897679 |
| | | | | 1ZA4X5803356210696, 1ZA4X5803355989303 |
| | | | | 1ZA4X5803356217313, 1ZA4X5803356570726 |
| | | | | 1ZA4X5803355765536 |
| invoice | 9/24/14 | 38960 | 182.16 | 1ZA4X5803355157747 |
| invoice | 9/24/14 | 38961 | 546.48 | 1ZA4X5803356343356, 1ZA4X5803557558366 |
| | | | | 1ZA4X5803354278770 |
| invoice | 1/12/16 | 2967 | 2,861.76 | 1Z0F5698034087446 |
| invoice | 1/12/16 | 2971 | 546.48 | 1Z0F5698034172969 |
| invoice | 6/29/16 | 3293 | 938.04 | 1Z0F5698034123004 |
| invoice | 7/13/16 | 3318 | 1,407.96 | 1Z0F5698034185042 |
| invoice | 9/13/16 | 15632673 | 910.8 | 1Z0F5698034253917 |
| invoice | 11/18/16 | 15632787 | 1,639.44 | 1Z0F5698034181790 |
| invoice | 11/23/16 | 15632800 | 728.64 | 1Z0F5698034099862 |
| invoice | 11/28/16 | 15632801 | 1,821.60 | 1Z0F5698034179546 |
| invoice | 11/28/16 | 15632802 | 546.48 | 1Z0F5698034177156 |
| invoice | 11/28/16 | 15632803 | 364.32 | 1Z0F5698034056979 |
| invoice | 11/28/16 | 15632804 | 728.64 | 1Z0F5698034075461 |
| invoice | 11/30/16 | 15632808 | 728.64 | 1Z0F5698034214189 |
| invoice | 11/30/16 | 15632809 | 1,639.44 | 1Z0F5698034092233 |
| invoice | 11/30/16 | 15632810 | 546.48 | 1Z0F5698034059102 |
| invoice | 11/30/16 | 15632811 | 728.64 | 1Z0F5698034104285 |
| invoice | 11/30/16 | 15632813 | 728.64 | 1Z0F5698034208695 |
| invoice | 11/30/16 | 15632815 | 182.16 | 1Z0F5698034097819 |
| invoice | 11/30/16 | 15632816 | 546.48 | 1Z0F5698034220400 |

| | Date | Type | Number | | Amount | Tracking |
|---|---|---|---|---|---|---|
| | 1/16/17 | invoice | 15632857 | | 1,092.96 | 1Z0F56980342676611 |
| | 1/16/17 | invoice | 15632858 | | 728.64 | 1Z0F569803411555879 |
| | 1/16/17 | invoice | 15632861 | | 9,289.44 | 1Z0F569803....... |
| | 1/17/17 | invoice | 15632863 | | 910.80 | 1Z0F569803411197962 |
| | 1/17/17 | invoice | 15632864 | | 546.48 | 1Z0F569803411021016 |
| | 1/17/17 | invoice | 15632865 | | 1,821.60 | 1Z0F569803410281247 |
| | 1/17/17 | invoice | 15632866 | | 546.48 | 1Z0F569803410593348 |
| | 1/18/17 | invoice | 15632868 | | 2,246.40 | 1Z0F569803411793522 |
| | 1/18/17 | invoice | 15632870 | | 546.48 | 1Z0F569803411409723 |
| | 1/18/17 | invoice | 15632871 | | 2,914.56 | 1Z0F569803411153553 |
| | 1/19/17 | invoice | 15632872 | | 1,275.12 | 1Z0F569840193717.. |
| | 1/19/17 | invoice | 15632873 | | 1,092.96 | 1Z0F569803410680388 |
| | 1/19/17 | invoice | 15632874 | | 364.32 | 1Z0F569803411338041 |
| | 1/19/17 | invoice | 15632875 | | 364.32 | 1Z0F569803410502865 |
| | 1/19/17 | invoice | 15632876 | | 2,368.08 | 1Z0F569803411160483 |
| | 1/25/17 | invoice | 15632882 | | 728.64 | 1Z0F569803410690724 |
| | 1/25/17 | invoice | 15632883 | | 364.32 | 1Z0F569803410215569 |
| | 1/25/17 | invoice | 15632884 | | 728.64 | 1Z0F569803411881187 |
| | 1/25/17 | invoice | 15632885 | | 2,975.04 | 1Z0F569803427778823 |
| | 1/25/17 | invoice | 15632886 | | 1,092.96 | 1Z0F569803400482753 |
| | 1/25/17 | invoice | 15632887 | | 910.80 | 1Z0F569803411430815 |
| | 1/25/17 | invoice | 15632888 | | 546.48 | 1Z0F569803411463861 |
| | 2/8/17 | invoice | 15632895 | | 4,243.20 | 1Z0F569803410600464 |
| | 2/8/17 | invoice | 15632896 | | 364.32 | 1Z0F569803411237230 |
| | 2/22/17 | invoice | 15781245 | | 910.80 | 1Z0F569803411680966 |
| | 2/22/17 | invoice | 15781246 | | 2,995.20 | 1Z0F569803411580047 |
| | 3/1/17 | invoice | 15781253 | | 910.80 | 1Z0F569803410757635 |
| | 3/1/17 | invoice | 15781254 | | 364.32 | 1Z0F569803400082686 |
| | 3/8/17 | invoice | 15781260 | | 182.16 | 1Z0F............ |
| | 3/8/17 | invoice | 15781261 | | 7,488.00 | 1Z0F............ |
| | 3/8/17 | invoice | 15781262 | | 182.16 | 1Z0F |
| | | invoice | | Walgreens | $77,391.28 | |
| | | invoice | | | | |
| | | invoice | | Stores | $2,377.50 | |
| | | | | Drugstore.com | $47,781.40 | |
| | | | | Total | $127,550.18 | |